BLOODWORTH, Justice.
Petitioner was convicted on October 24, 1973, in the Circuit Court of Jefferson County for selling a magazine, “Nude Figure.” Previously, the" magazine had been judicially declared to be “obscene” by the Mobile Circuit Court, in equity. The conviction was affirmed by the Court of Criminal Appeals on October 29, 1974, rehearing denied November 26, 1974, 57 Ala.App. -, 333 So.2d 842. The Court of Criminal Appeals in its opinion (per Harris, J.) wrote that the “precise issues raised on this appeal were decided adversely to appellant by the Supreme Court of Alabama on May 9, 1974, in Ex parte McKinney, 292 Ala. 484, 296 So.2d 228.” As it was constrained by law to do, the Court of Criminal Appeals properly followed the 5-4 opinion of this Court (per Faulkner, J.) in Ex parte McKinney, 292 Ala. 484, 296 So.2d 228 (1974). (SC 486).
On December 9, 1974, petitioner filed a petition for writ of certiorari in the instant case. On January 9, 1975, we denied the petition in a memorandum per curiam opinion, five justices concurring, four justices dissenting. On January 23, 1975, petitioner filed an application for rehearing.
In the meanwhile, this same petitioner filed a petition for writ of certiorari with the United States Supreme Court in the prior McKinney case [our SC 486], supra. We delayed our determination in the instant case, leaving the cause pending on rehearing, awaiting the United States Supreme Court’s ruling in McKinney [our SC 486], U. S. Supreme Court No. 74 — 532. On June 23, 1975, the petition for certiora-ri was granted by the United States Supreme Court.
*844 Therefore, on September 5, 1975, we withdrew our opinion in the instant case, granted rehearing and issued the writ of certiorari. We advised counsel for both sides that it would be unnecessary to submit the instant case until after the United States Supreme Court had rendered its decision in the other McKinney case.
On March 23, 1976, the United States Supreme Court rendered a unanimous opinion authored by Mr. Justice Rehnquist in McKinney v. State of Alabama, - U. S. -, 96 S.Ct. 1189, 47 L.Ed. 387, 44 L.W. 4330, reversing and remanding our case SC 486. The court held that our Alabama procedures, insofar as they precluded petitioner from litigating the obscenity vel non of “New Directions” as a defense to his criminal prosecution, violated the First and Fourteenth Amendments, citing Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965), and Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973). The court went on to state that the constitutional infirmity of those procedures cannot be avoided on the ground (urged by the State) that the equity action constituted an “adversary judicial proceeding,’’ since the respondents in that action were not in privity with the petitioner and with interests sufficiently identical to petitioner’s so as to provide adequate protection for his First Amendment rights, which he had the right to assert in his own behalf in the proceeding to which he was a party.
Since the issues in the instant case are precisely the same as those decided in McKinney v. State of Alabama, supra, we reverse and remand the instant cause to the Court of Criminal Appeals for entry of a judgment in conformity with this opinion and the opinion and judgment of the United States Supreme Court.
REVERSED AND REMANDED WITH DIRECTIONS.
HEFLIN, C. J., and JONES, SHORES and EMBRY, JJ., concur.
On remand, Ala.Cr.App., 57 Ala.App. -, 333 So.2d 844.